Thomas Barnes *vs.* Thomas Shinholster.

No. 20.—THOMAS BARNES, plaintiff in error *vs.* THOMAS SHINHOLSTER, administrator and defendant.

[1.] The relation of landlord and tenant, between the parties, is necessary to sustain the action, for use and occupation ; and an entry under agreement or contract for purchase, is inconsistent with this relation. An entry under such agreement, may be proven by parol, for the purpose, not of showing title, but that this relation, of landlord and tenant, did not exist.

[2.] Where a party, defendant, is in possession under such agreement, and erects improvements on the premises, and afterwards the landlord fails to make titles: *Held*, that in an action against the defendant, for use and occupation, he cannot plead by way of set off, the value of such improvements ; but Equity, perhaps, upon a proper case made, may afford relief.

[3.] Where an entry, under such agreement, is made, and it is at the same time stipulated, that if the landlord should lose the place, and not be able to make titles, the defendant shall pay the same rent for the premises, as was paid the previous year: *Held*, that such loss of the place, should be alleged and proven, before the plaintiff can recover the rest, in an action for use and occupation.

Action for rent, in Bibb Superior Court. Tried before Judge POWERS, May Term, 1853.

This was an action, brought by Shinholster, to recover of Barnes, for the use and occupation of a house and land of plaintiff near Macon, which the defendant had occupied about a year. The defendant plead, that he had gone into possession of the land, on a contract of purchase, and not as tenant. He likewise pleaded, by the way of set off, that he had put certain improvements on the premises. The last plea was ruled out by the Court. Absalom Jordan, testified for plaintiff, that he heard a conversation between plaintiff and defendant, about the premises. Defendant said he wished to buy, and had the money, and would pay what plaintiff asked, ($800) whenever he could get a warranty title. Plaintiff replied, that he might lose the place, and would not give a warranty title. Defendant said he would like to go into possession. Plaintiff answered, that he might do so; and if he lost the place, he must pay rent at the rate of the last year. Defendant then went into possession, and has been there ever since. Mr. Stubbs testified, "that during the present term of the Court, plaintiff had withdrawn his claim to said land." Interrogatories of Allen Johnson and Leyman H. Barnes, offered by the defendant, to prove a positive parol contract, for the sale of the land, were rejected by the Court, as being excluded by the Statute of Frauds.

The testimony being concluded, the defendant's counsel requested the Court to charge, that if defendant went into possession, under a contract to sell it to him, the plaintiff had no right to change the contract without his consent; and could not recover from him as a tenant.

And also, that if the defendant took the house as a purchaser, on condition that he was to pay rent if the plaintiff lost the land, then the plaintiff cannot recover in this action; as there is no evidence that the land was lost before the commencement of the suit.

Which charges the Court refused; but told the jury, that

there was no evidence of a purchase of the land by defendant; and that they should find what rent was proven to be due.

To which refusals and charges of the Court, defendant excepts.

STUBBS & HILL, for plaintiff in error.

POE, NISBET & POE, for defendant.

*By the Court.*—STARNES, J. delivering the opinion.

[1.] In the progress of this cause, the testimony of Allen Johnson and Leyman H. Barnes, taken by commission, was offered by defendant in the Court below, and ruled out by the Court, on the ground that it was an effort to prove title to real estate by parol.

We are of opinion, that the Court did not draw the correct distinction when thus ruling.

This was an action for use and occupation; and the relation of landlord and tenant, between the parties, is necessary to sustain such an action. 1 *Chitty Ch. P.* 121. 1 *T. R.* 378, 386, 387. *Lord Ray*, 1216. *Bac. Abr. Ass. A.* 2 *H. Black* 319. 10 *Mass.* 436. *Cummings and Wife vs. Noyes.*

When a party enters under contract for a purchase, this agreement destroys the relation of landlord and tenant, and is entirely inconsistent with it. 2 *Taunton R.* 145. *Smith vs. Stewart*, 6 *John* 46. *Bell vs. Ellis' heirs.* 1 *Stew. and P.* 296.

Any proof then, in this case, which went to show, that the relation of landlord and tenant between these parties did not exist, and that possession was taken under an agreement to purchase, was proper.

Such was the testimony offered, and it was good and legal testimony to prove the non-existence of the aforesaid relation, though not proper proof to establish title to real estate.

The distinction which we draw, may be thus illustrated: In an action of ejectment, the title cannot be proven by parol,

nor the surveyed lines by any but an expert; yet parol testimony is admissable to show that the lands adjoining the *locus* are owned by A. B. and C.; or that a town lot is bounded by the lots of A. B. and C., because this testimony is offered, not in proof of the title or of survey, but simply as a *designatio loci.*

[2.] The plaintiff in error, as defendant in the Court below, filed a set-off to the action against him, in which he asked to be allowed the value of certain improvements, which he had put upon the premises, an account of which he filed. And he alleges as error the refusal of the Court, to charge that he was entitled to be allowed this set-off in this action.

We do not agree with the plaintiff in error. Every man builds on the land of another at his own risk, who builds without the consent of the landlord directly or indirectly given. If relying on a parol agreement which vested no title in him, the plaintiff in error proceeded to erect improvements upon this lot, he has *at Law* no cause of action against the owner, on this account. But, if relying confidently upon the agreement, he in good faith put up these improvements, which are greatly to the benefit and advantage of the landlord, Equity may, perhaps, on a proper case made, afford relief.

[3.] Absalom Jordan, one of the witnesses, proved that the agreement was; that the plaintiff in error was to pay the same price, as that for which the lot was rented the previous year, if the defendant lost the place, and could not make titles to him.

If this were true, the payment of rent depended on this loss of the place, as a sort of *condition precedent,* and the plaintiff in error was not liable in an action against him until the happening of this contingency was alleged and proven.

He was entitled, therefore, to ask of the Court a charge to this effect. This he did substantially, or at all events he invoked instructions from the Court, in such manner, as made it proper for the Court thus to charge the jury. But this was not done, and in this we think there was error.

Let the judgment be reversed.