Warner, Chief Justice.
The plaintiff in the Court below .sued out a warrant to dispossess the defendant from a tract of land in the county of JFayette, under the 4005th section of the Code, as a tenant at' sufferance. The defendant filed his counter-affidavit denying that he held the possession of the land, either by lease or rent or at will, or by sufferance or otherwise, from the plaintiff. On the trial of the issue before the jury, it appears from the evidence *49 in the record, that the plaintiff- sold the land to the defendant for the sum of $1,200 00, the defendant paying therefor at the time of the purchase the sum of $300 00 in cash, and giving his two-promissory notes to the plaintiff for the balance of the purchase money, one due 25th December, 1868, the other due 25th December, 1869. The plaintiff executed his. bond to the defendant, conditioned to make him a title to the land if the notes specified therein should be paid when the same became due. The defendant went into the possession of the land under this contract of purchase, and has made improvements thereon to the value of $170 00.- The notes were not paid at maturity. The Court charged the jury, “that where one party gave his bond to another for title to lands conditioned to make title to said land when the purchase money should be paid, and that upon failure to pay the purchase money by the obligee when the money became due, he became a tenant at sufferance, and liable to be removed by the obligor by summary process, and also liable to the obligor for double rents from the time of demand or notice.” Under this charge of the Court the jury found a verdict for the plaintiff. The defendant made a motion for a new trial on the ground of error in the charge. of the Court, and also, upon other grounds specified in the record, which was overruled, *and the defendant excepted. The charge of the Court to the jury was error, in view of the facts of the case disclosed by the record. The 2253d section of the 'Code defines the relation of landlord and tenant in this State. Where the owner of lands grants to another simply the right to possess and enjoy the use of such lands, either for a fixed time, or at the will of the grantor, and the tenant accepts the grant, the relation of landlord and tenant exists. between them. In such cases, thptenant has only a usufruct which he cannot convey except by the landlord’s consent, and which is not subject to levy and sale. The .defendant was not in the possession of the land in question, under a grant from the plaintiff simply to possess and enjoy the use of the land for any fixed period of time, or at tbe will of the plaintiff as his tenant, but was in possession of the land as a purchaser thereof from the plaintiff, under a contract made between them for the sale of the land, and the land so purchased by the defendant and held by him under a bond for title, a part of the purchase money having been paid, was subject to levy and sale in satisfaction of judgments obtained against him as his property: Code, 3424. Besides, the plaintiff could have sued the defendant on the notes when due, for the unpaid purchase money, obtained judgment thereon, filed a deed in the clerk’s office, and sold the land as the property of the defendant, as provided by the 3604th section of the Code. This land held by the defendant, under his bond for title, might have been attached as 'his property: Code, 3225. The defendant might also have sold the land as his property, and transferred his bond for title to the purchaser. In Barnes vs. Shinholster, 14 Georgia Reports, 131, it was held that when a party enters upon land under a contract for the pur *50 chase of it, such a contract destroys the relation of landlord and tenant, and is entirely inconsistent with it.
In view of the laws of this State defining the relation of landlord and tenant, there was no pretence for holding that the defendant, under the facts disclosed by the record .in this case, was a tenant at sufferance of the plaintiff, and liable to *be turned out of the possession of the land, as such, by the summary process provided for by the 4005th section of the Code.
Let the judgment of the Court below be reversed.