Robert M. Gunby, plaintiff in error, *vs.* George H. Thompson, defendant in error.

1.  This court will not interfere with the discretion of the chancellor in granting injunctions and appointing receivers, unless some rule of law or well-established principle of equity has been violated.
2.  When the vendee of property is insolvent and is receiving the rents and profits, the vendor having retained the title to secure the payment of the purchase money, a receiver will be appointed to take charge of the property, and to hold the proceeds thereof until final decree.

Injunction.   Receiver.   Before Judge James Johnson. Muscogee County.   At Chambers.   June 5th, 1875.

Thompson filed his bill against Gunby and Ellis & Harrison, making, in brief, the following case:

On August 1st, 1866, one George Hargraves agreed to convey to R. M. Gunby and D. L. Booker lot number sixty-two, in the city of Columbus, for $15,000 00, one-fourth to be paid cash, the remainder in five years, with interest payable annually.   When one-fourth of the purchase money should be paid and a mortgage on the property given to secure the bal-

ance, Hargraves was to convey it to Gunby and Booker in fee simple.   On October 1st, 1866, Gunby took possession of the premises with the consent of Hargraves, but without performing his part of the contract, nor has he ever done so. Booker, in the meantime, released his interest to Gunby.  On October 1st, 1872, Gunby made an agreement with Thompson, in which, after reciting the previous contracts between Hargraves, Booker and Gunby, and between Hargraves and Thompson, and payments made by Gunby, amounting to $4,475 50, he promised to pay to Thompson, by the 1st of October, 1873, the balance due on the property, and receive a deed to the same; or in default of this to deliver possession to Thompson, and to relinquish all right thereto.   Gunby failed either to pay the money or to deliver possession. On the lot were a dwelling house, out-houses, and a store-house.   About October 1st, 1874, Gunby delivered possession of all the premises except the store-room, which he refused to release.   He received rent for the lot during the years 1873 and 1874, only paying a part of it to Thompson.  About October 1st, 1874, he rented the store-room to Ellis & Harrison.   Finding them in possession, complainant requested them to pay the rents to him, which they refused to do on the ground that Gunby was their landlord.   Gunby and Ellis & Harrison are insolvent, and complainant prays that Ellis & Harrison be enjoined from paying the rents to Gunby; that Gunby be compelled to perform the contract by releasing the store-house; and that, in the meantime, a receiver be appointed to take charge of the property and to collect the rents pending the litigation.

The answer of Gunby was, substantially, as follows:

He admits the contracts between Gunby, Booker and Hargraves; says the property was purchased for H. C. Mitchell & Company, a firm composed of H. C. Mitchell, R. M. Gunby and R. B. Gunby; they expended a large amount of money in improving it; they, and not Gunby alone, took possession, with the consent of Hargraves.   Hargraves offered to make a deduction of $2,000 00 from the amount due if the time of

payment was anticipated.   They were about to raise the money through an insurance company, when Thompson proposed to purchase from Hargraves and give them time.   To this they agreed, and the contract between Thompson and Gunby was made with that understanding.   Thompson did not demand possession on October 1st, 1873, nor were the premises delivered to him, but indorsed notes for the rent, to be applied to defendant's indebtedness.

The answer of Ellis & Harrison was, in brief, as follows: They rented the store from R. B. Gunby & Company, successors to H. C. Mitchell & Company, and gave negotiable notes for the payment of rent.   They hold under this contract and are ready to take up their notes upon presentation.

The case made by complainant's bill was supported by three affidavits.

Upon the hearing an injunction was granted and a receiver appointed as prayed for.   To this judgment Gunby excepted.

R. J. Moses; Thornton & Grimes, for plaintiff in error.

Ingram & Crawford; James Johnson, for defendant.

Warner, Chief Justice.

This is a bill filed by the complainant against the defendants, praying for a specific performance of a written contract for the possession of a certain described store-house in the city of Columbus, and also praying for an injunction and the appointment of a receiver pending the litigation, on the ground that the defendants are insolvent and unable to respond in damages for the rents and profits of said store-house, which is worth $50 00 per month.   Upon the hearing of the application for the injunction and the appointment of a receiver as prayed for, the chancellor, after considering the allegations in the complainant's bill, the answers of the defendants and the affidavits read at the hearing, granted the injunction and appointed a receiver to take possession of the property and rent out the same, and collect the rents, subject to the order of the court, whereupon the defendants excepted.

There is nothing in this case to take it out of the general rulings of this court that it will not interfere to control the discretion of the chancellor in granting injunctions and appointing receivers unless some rule of law or well established principle of equity has been violated. This case comes within the principle recognized and decided during the present term, in the case of *Tufts vs. Little,* not yet reported.

Let the judgment of the court below be affirmed.