Carr et al. vs. Georgia Railroad.

---

## CARR *et al. vs.* GEORGIA RAILROAD.

1. A grantor made a deed to a railroad company conveying certain lands and containing the following provisions:

" To have and to hold the said piece of land, being an oblong square, with all the rights, privileges and appurtenances thereunto belonging or anywise appertaining unto the said Georgia Railroad and Banking Company forever in fee simple. Provided the said Georgia Railroad and Banking Company shall, in a reasonable time, say by the 10th day of November next, erect and finish on said land, as above described, a good substantial brick depot and passenger house, with separate reception rooms, one for ladies and one for gentlemen, finished and furnished in as good style and of as good material as the one at Covington, in Newton county; the whole house to be not less than 100 by 45 feet. And it is the express understanding, and hereby expressly stipulated, that when-

ever the said company or assigns shall discontinue or cease to use the said land and premises as a depot for freight and passengers, or for both, or cease to run the engine or cars to the same, or run beyond the present terminus of said road, then and in either event, this deed shall cease, determine and be void, and be of no effect, neither in law or in equity, and the land, with all the rights, privileges and appurtenances, shall revert to the donor or his heirs.''

The railroad company entered upon the land and erected thereon a depot building, but subsequently ceased to use it as a depot and extended its road beyond the terminus mentioned. The grantor having died, certain persons as his heirs at law brought ejectment against the railroad to recover the land mentioned in the deed. The defendant appeared and disclaimed title at the commencement of the action. The action of ejectment was filed February 21, 1883, and service was perfected on defendant on April 21, 1883. The railroad having demolished the depot building and carried away the material of which it was composed, the same plaintiffs brought suit to recover damages therefor:

*Held,* that the disclaimer of title was a solemn admission *in judicio* that the defendant was not in possession of the premises on the 21st of February, 1883; and this being so, no act of entry was necessary to be made by plaintiffs. It was their land under the deed of their ancestor, and no person being in possession of the same, it was by law in their possession, and no entry was necessary to perfect their title.

(*a.*) The court erred in charging that, if the defendant demolished the house and caused its removal before it was served with the writ in ejectment, it had the right so to do, because the plaintiffs had not entered on the premises; and that the filing of the declaration in ejectment was not equivalent to entry until the same had been served on the defendant.

(*b.*) If, after the abandonment of possession, admitted by the defendant, it went upon the land and demolished a depot building, which was a fixture thereon, it was a trespasser, and liable to the plaintiffs for the damage done by the removal of such building.

2. The authorities are to the effect that a depot building, erected by a railroad, not for the purpose of improving the inheritance, but to aid and assist the company in carrying on its business, is a trade fixture, and a tenant may remove such fixtures before the expiration of his term. Even if these authorities are applicable under the deed involved in the present case, yet, after having forfeited its estate in the land, and having abandoned its possession, the railroad could not remove such fixtures.

3. The action was properly brought by the heirs of the grantor in the deed, and the fact that the plaintiffs, to meet some suggestions of the court, made an amendment alleging that they were legatees

under the will of the grantor, did not alter the character in which they sued.

September 16, 1884.

Deeds. Estates. Title. Fixtures. Trespass. Eject-ment. Entry. Parties. Damages. Words and Phrases. Before Judge FORT. Clarke Superior Court. May Term, 1884.

On April 20, 1883, Florida C. Carr *et al.*, as heirs at law of William A. Carr, brought their action against the Georgia Railroad to recover damages for the removal of a brick depot building, which they claimed had become their property under the deed set out in the decision, by reason of the fact that the company had violated the conditions therein contained. Defendant pleaded the general issue, and that it removed the depot while it was in lawful pos-session of the premises and was the owner of the same.

On the trial, the deed from Carr to the company was introduced in evidence, and it was shown that the com-pany had extended its line beyond the depot in dispute, had ceased to use it as a freight and passenger depot, and had torn it down and removed it. The evidence for the plaintiffs fixed the date of the tearing down in March, while that for the defendant was to the effect that the company removed from the depot on February 17, 1883, which was Saturday, and returned and began tearing down the building on the following Monday (February 19).

On February 21, 1883, these same plaintiffs filed a de-claration in ejectment against the company. Service was perfected on April 21, and subsequently the defendant filed a plea disclaiming title and possession "at the time of the commencement of said action."

It having appeared from the evidence that William A. Carr died testate, the plaintiffs amended by alleging that they were legatees under the residuary clause in the will.

The jury found for the defendant. Plaintiffs moved for

a new trial on the grounds set out in the decision. It was refused, and they excepted.

E. K. LUMPKIN; ALEX. R. JONES, for plaintiffs in error.

JOS. B. CUMMING; S. P. THURMOND, for defendant.

BLANDFORD, Justice.

On the 25th day of June, 1855, William A. Carr conveyed by proper deed of conveyance a certain lot in the city of Athens to Georgia Railroad and Banking Company,

" To have and to hold the said land, with all the rights, privileges and appurtenances thereunto belonging, or in anywise appertaining to the said Georgia Railroad and Banking Company forever in fee simple. Provided the said Georgia Railroad and Banking Company shall, in a reasonable time, say by the 10th of November next, erect and finish on said land, as above described, a good substantial brick depot and passenger house with separate reception rooms, one for ladies and one for gentlemen, finished and furnished in good style, of as good material as the one at Covington, in Newton county; the whole house not to be less than one hundred by forty-five feet. And it is the express understanding and hereby expressly stipulated that whenever said company or assigns shall discontinue or cease to use the said land and premises as a depot for freight and passengers, or for both, or cease to run the engine and cars to the same, or run beyond the present terminus of said road, then and in either event, this deed shall cease, determine and be void, and of no effect whatever neither in law or in equity, and the land, with all the rights, privileges and appurtenances, shall revert to the donor or his heirs."

The railroad company having entered upon the land and erected thereon a depot building as stipulated, ceased to use the same as a depot, and extended the road beyond the terminus mentioned. William A. Carr having died, the plaintiffs in error, as his heirs at law, filed their action of ejectment against the railroad for the recovery of the land mentioned in the deed. The railroad company appeared and disclaimed title or the possession of the premises at the commencement of said action.

The railroad company having demolished the depot

building and carried away the material of which it was composed, the present action was brought by the heirs at law of Carr against the railroad company to recover damages for such waste. To meet some suggestions of the court, the plaintiffs amended their declaration by alleging that they were legatees under the will of William A. Carr, deceased. The action of ejectment was filed in office February 21, 1883, and service was perfected on defendant 21st of April, 1883. Under the rulings of the court, a verdict was had for the defendant; whereupon the plaintiffs moved for a new trial, upon the following grounds:

(1.) Because the verdict is contrary to law and the principles of equity and justice.

(2.) Because the verdict is contrary to evidence, and against the weight of evidence.

(3.) Because the verdict is without evidence to support it.

(4.) Because the court erred in charging the jury as follows: "Now I charge you that the legal effect of this deed is, in so far as it relates to the parties, that the Georgia Railroad and Banking Company had a right to remove the depot at any time before the title of this land reverted to the heirs at law of William A. Carr."

(5.) Because the court erred in charging the jury as follows: "That, under this deed, the Georgia Railroad Company would have had a right, at any time prior to actual entry or a suit for the recovery of the possession of the land, to remove the depot, and would not be liable for its value on its removal, save to the extent that said removal might have injured the freehold, which is not an issue under the present suit."

(6.) Because the court erred in charging the jury as follows: "That the Georgia Railroad would have had this right under this contract, not only at the time of the filing of the declaration, but until they were served with a notice of the declaration."

(7.) Because the court erred in charging the jury as fol-

lows : " That a suit, in order to be equivalent to an entry, must be perfected to service, and until service was perfected, the suit would not be equivalent to an entry, and the right of the railroad to remove the property would still subsist."

(8.) Because the court erred in charging the jury as follows: "That if the railroad company began to demolish this house under their right to do so, and pending its demolition, the suit was instituted and perfected, this suit at that stage of their work would not defeat their right of removal, but they would be authorized to go forward and complete its demolition, if they saw fit."

(9.) Because the court erred in charging the jury as follows: " That ordinarily the (as a?) general proposition the term land would convey all that was on the surface and in the bowels of the earth, but that is not the rule applicable to this case, owing to the contract—it being a contract whereby the title is given under certain conditions which I have read you, it doesn't stand in the same condition as an ordinary conveyance of land. The railroad company would have a right to remove any of its fixtures which might be designated as trade fixtures—the tracks, the iron and the depot. If you should believe, therefore, that the railroad removed this depot before there was an entry, or before a suit was perfected to service, then you need not go further and inquire in relation to damages, but should return a verdict for the defendant."

(10.) Because the court erred in charging the jury as follows : " I charge you the law to be, that if you learn from the evidence that William A. Carr died testate, that he made a will, that the rights of plaintiffs were fixed and determined by that will, and that the executor had been dismissed, I charge you that they would not be entitled to recover in a suit brought by them as heirs at law. You will mark the distinction ; this suit is brought by the heirs at law. If the evidence shows you they do not occupy the position of heirs at law, then I charge you that the

plaintiffs, on that account, would not be entitled to recover. But if it should appear they are the heirs at law, and not legatees, then it would have been properly brought.    You perceive, therefore, there are but few issues for you to pass upon."

(11.) Because the court erred in charging the jury as follows : " You will have before you the writs charging the date of service, which it is admitted was the 21st of April, 1883.   Was it demolished before that by the railroad company ?  If it was, then I charge you that by the law they had a right so to do, and the plaintiffs have no right to recover at all, no matter whether they are the legatees or heirs at law.   If suit was brought, in order for it to be equivalent to an entry, it must appear that the suit was brought by the legatees in their capacity as legatees, or it couldn't operate to defeat defendant's right to demolish and remove the building; if it was not brought in that way, you wouldn't be authorized to consider the suit as giving them the right they would have in a suit brought by the legatees of William A. Carr.  In other words, if the suit to recover this land was brought by the heirs at law of Carr, and it appears that the title vested in the legatees of Carr, and not the heirs at law, and it further appeared there had been no entry, but a suit was relied on in lieu of an entry, then I charge you that under this deed the defendant would have had a right to remove the structure as if there had been no suit entered, then you could not be called upon to find the date of the suit and service."

(12.) Because, after counsel had amended their declaration to meet the charge of the court, as set forth in the preceding ground, alleging that they were legatees of Wm. A. Carr, the court erred in charging the jury as follows: " I charge you that if it should appear from the evidence submitted that the suit to recover the land was brought by the heirs at law of Carr, and not by the devisees under his will, then that suit would not inure to

their benefit, and would not be equivalent to an entry, so as to defeat the rights of the railroad company to remove the depot. Under the deed in issue, there must be an entry or a suit by the parties entitled to enter, before the title to the land could have vested in the heirs at law or legatees of the donor in the deed, and unless there was such entry or such a suit, the railroad company would have had the right, under the deed, to remove the depot as one of its trade fixtures."

(13.) Because the court erred in refusing to charge the jury as requested in writing by the plaintiff's attorney, as is fully set out above.

(14.) Because the charge of the court was contrary to law, and withdrew questions of fact from the jury which should have been submitted to them.

The court overruled the motion for new trial. The plaintiffs excepted, and error is assigned thereon to this court.

We think the court erred in refusing to grant the new trial asked for by plaintiffs; that he committed error in his instructions to the jury to the effect that, if the defendant demolished the house and caused its removal before it was served with the writ in ejectment, it had the right so to do, because plaintiffs had not entered on the premises; that the filing of the action of ejectment was not equivalent to entry until the same had been served on defendant. The action was filed 21st of February, 1883, and service thereon was made April 21st, 1883. The defendant disclaimed title and possession of the premises at the commencement of plaintiffs' action. The disclaimer was a solemn admission *in judicio* that the defendant was not in possession of the premises on the 21st of February, 1883, and this being so, no act of entry was necessary to be made by plaintiffs; it was their land under the deed of their ancestor, and no person being in possession of the same, it was by the law in their possession. When defendant abandoned the land, and ceased to operate its road and use the depot building, the law cast the title on these

plaintiffs, and it being vacant, it was in their possession; no entry was necessary to perfect their title ; it was perfect. If, after this, the railroad company went upon the land and demolished a house, a depot building, which was a fixture thereon, it was a trespasser, and liable to the plaintiffs in damages for whatever damage it did. The removal of a large brick building was an injury to the freehold, for which the defendant was liable to plaintiffs for its value

, If the defendant, after having forfeited its right to this land under the deed from Carr, abandoned the land—left its possession, then the land and all fixtures thereon vested in Carr's heirs; the title to the land and fixtures was in them, as was also the possession, and any subsequent entry by defendant and removal or destruction of fixtures was a trespass for which defendant was liable.

It is insisted that all the buildings and other fixtures placed on this land by defendant were and are trade fixtures, and it must be admitted that, by the decisions in 3 East., 28 ; 2 Peters, 137, this possession is correct. This building, known as the depot building, was erected by the railroad company, not for the purpose of improving the inheritance, but to aid and assist the company in carrying on its business, and the authorities referred to lay down the proposition that the tenant may remove such fixtures before the expiration of his term; these were cases of leases for a term of years. Now admit that, if a tenant for years could remove such fixtures as trade fixtures, then the railroad company holding under the deed from Carr might do the same, but which is not admitted under the terms and conditions of this deed, as some of the members of this court believe that those conditions vary the law as contended for by defendant in error; yet we are of the opinion that the railroad company, after having forfeited its estate in this land and having abandoned its possession, could not remove such fixtures.

The action in this case was brought by the heirs at law

v 74-6·

of William A. Carr, and properly brought, and the amendment to the declaration, alleging that they were legatees under Carr's will, did not alter the character in which they sued. So we are unanimously of the opinion that a new trial must be had in this case.

Cases cited for plaintiffs in error, Bing. on Real Estate, 270, 271, 302; Hilliard, 1 Vol., 100, 223 (66); Washburne, 1 Vol., 88, 80; 2 Vol., 23, 827.

For defendant, Ewell on Fixtures, 21, 22; 2 Peters, 137; Meigh's Appeal, 62 Penn, 28; 22 Ohio St. Rep., 563, 577.

Let the judgment of the court below be reversed.