### ALLREAD vs. HARRIS.

EQUITY, FROM FLOYD. Contracts. Vendor and Purchaser. Equity. Landlord and Tenant. (Before Judge Simmons.)

Jackson, C. J.—Where a contract of sale was made, whereby the title was contracted to be sold, and a rescission was provided for in case of failure to pay the first installment, or if that and no other was paid, the more complete remedy, on failure to pay or return the property, was by bill in equity, rather than by a proceeding to dispossess a tenant holding over, although in the contract there was a stipulation for rent upon certain contingencies. 56 Ga., 316, 139, 578, 666, 670, 671; Code, §4077; 48 Ga., 60; 62 Id., 419; Code, §2279; 14 Ga., 131.

(a) In this case the defendant failed to pay or rescind, and on the making of an affidavit to dispossess him, he filed a counter affidavit.

(b) The verdict and decree were just and proper; and such a decree will not be readily disturbed on the ground of objection to the forum, because there was a remedy at law, unless it be shown that as complete relief could have been granted at law for the entire rights of the complainants.

Judgment affirmed.

Daniel S. Printup; R. D. Harvey & Son, for plaintiff in error.

C. N. Featherstone; J. A. Blance, for defendant.