## ALLREAD vs. HARRIS.

Where a contract of sale was made, whereby the title was contracted to be sold, and a rescission was provided for in case of failure to pay the first instalment, or if that and no other was paid, the more complete remedy, on failure to pay or return the property, was by bill in equity, rather than by a proceeding to dispossess a tenant holding over, although in the contract there was a stipulation for rent upon certain contingencies.

(a.) In this case, the defendant failed to pay or rescind, and on the making of an affidavit to dispossess him, he filed a counter-affidavit.

(b ) The verdict and decree were just and proper; and such a decree will not be readily disturbed on the ground of objection to the forum, because there was a remedy at law, unless it be shown that as complete relief could have been granted at law for the entire rights of the complainant.

December 15, 1885.

Contracts. Vendor and Purchaser. Equity. Landlord and Tenant. Before Judge SIMMONS. Floyd Superior Court. March Term, 1885.

Reported in the decision.

DANIEL S. PRINTUP; R. D. HARVEY & SON, for plaintiff in error.

C. N. FEATHERSTON; J. A. BLANCE, for defendant.

JACKSON, Chief Justice.

This bill was brought by the defendant in error substantially to rescind a contract for the sale of a tract of land to the plaintiff in error, on the ground that he had possessed the land several years and failed to comply with his contract, or to pay anything for the use thereof. A demurrer, mainly resting on the ground that the remedy at law was adequate and complete, was overruled; the case proceeded to trial, which resulted in the recovery of the land by the defendant in error, and the plaintiff in

error excepted, on the ground that his demurrer was over-ruled, and this is the error assigned.

The remedy at law, which by the demurrer is alleged to be adequate and complete, is the right of the landlord to oust a tenant holding over; but the case at bar is a case of purchase of the land by the plaintiff in error and entry under that purchase. It is true that the contract does provide that, if he failed to make the first payment, or make that and no other, then the sale should be rescinded, the land restored, and that a certain rent should be paid; but he failed not only to pay the rent, but to rescind the contract and give up the land. An effort at law had been made, but a counter-affidavit was taken by the plaintiff in error, and it is doubtful whether the defendant in error could have recovered. Any way, the bill is the more complete remedy; and the case is covered substantially by *Gunby vs. Thompson*, 56 *Ga.*, 316. See also in the same volume of our reports, pages 139, 578, 666 and 670-1, which all bear on the point under consideration here.

That the remedy against the tenant under Code, section 4077, applies only to landlords and tenants, see 48 *Ga.*, 60, and 62 *Id.*, 412, particularly the former case. Where there is a sale or contract of sale of title, the relation does not exist, but it exists only when the use of the land either for a specified time or at will, is granted. Code, §2279; 14 *Ga.*, 131.

It may be laid down as a general rule that whenever the title is contracted to pass, and a rescission of the contract is provided for, the more complete remedy is by bill in equity, though in the contract there may be a stipulation for rent upon certain contingencies.

The verdict and decree appear to be eminently just. The improvements are set off against the mesne profits or rents, and the premises are recovered. To disturb such an ending of a case on a mere demurrer resting on no equity but the forum, the side of the court which should try the case, would require the very clearest evidence

from the bill that the remedy at law could grant as complete relief for the entire rights of the complainant.

Judgment affirmed.