30093. JOHNSON *v.* JOHNSON.

DECIDED NOVEMBER 26, 1943.

*R. S. & C. W. Foy,* for plaintiff in error.

STEPHENS, P. J. Mrs. Mae Johnson instituted summary proceedings by dispossessory warrant to dispossess W. J. Johnson as a tenant in possession of the premises of the plaintiff, holding over beyond the term. She alleged that she had demanded possession of the premises, and that possession had been refused. In a counter-affidavit, W. J. Johnson denied that he held the premises as tenant of Mrs. Mae Johnson, "nor from any one under whom Mrs. Mae Johnson holds, either as alleged in said affidavit or otherwise." On the trial, evidence was offered to the effect that Perry Johnson, the husband of Mrs. Mae Johnson, bought the land in controversy about the year 1925 for his father and mother as a home for them as long as they wanted it, and for and during their entire lives; and that they moved on the land and have resided on it continuously since then. The court rejected this testimony, and this ruling is excepted to in the defendant's motion for new trial.

It appeared from the evidence that Mrs. Mae Johnson was the widow of Perry Johnson; that at the time of his death Perry John-

son owned the land in controversy; that after the death of Perry Johnson his widow acquired title to the land under a year's support; and that at the time of the death of Perry Johnson, and at the time the land was set aside to his widow as a year's support, and at the time the warrant issued to dispossess W. J. Johnson, W. J. Johnson resided on the land under an asserted right by him to have the place for and during his life.

While it does not appear from the evidence what right, title, or interest, if any, W. J. Johnson had in the land, it does appear from the evidence proffered that he claimed the right to live on the land by virtue of having been put in possession by his son, Perry Johnson, the deceased husband of the plaintiff, who held title to the land. It does not appear from this proffered testimony that Perry Johnson had given his father any interest in the land, or any deed, or writing. The sole import of the evidence is that Perry Johnson bought the land, and told his father he could have a home thereon as long as he lived, and his father moved on the premises in compliance with this offer by his son. It does not appear that he was to pay any rent. The inference is that his occupancy was to be rent free. It does not appear from any of the proffered testimony that the defendant, or any one for him, in reliance on his having been put in possession of the land by his son, had made any improvements on the land. In order to defeat a removal from the premises, the defendant must show that he has therein a freehold estate for life, or that he is entitled to the use of the property as a mere tenant for and during his natural life. "As a general rule, a person who enters on land by permission of the owner for an indefinite period, and without the reservation of any rent is a tenant at will by implication." 32 Am. Jur. 82. An estate for life in land is not created by parol by permitting another person to take possession of the land and occupy it free of rent as a home for life. Especially is this true where the occupant does not, in reliance on such parol permission, make any improvements on the land. The situation would not be different, although the person allowed to take possession of the land as a home for life was the father of the owner, and the only possible consideration could be love and affection. 31 C. J. S. 41; 35 C. J. 1123. In so far as it appears from the proffered testimony, the only right which the defendant could assert in the land is that of the mere use of the land

by license from his son, the owner, or his son's legal successor in title, the plaintiff. The defendant's possession is no more than that of a tenant at will. Such tenancy can be terminated at any time by giving the required statutory notice of termination. Id.

Had the proffered testimony been admitted, it would have appeared conclusively from the evidence that the defendant was only a tenant at will, and could not occupy the premises after the plaintiff had terminated the tenancy by proper notice. Whether or not under the evidence as admitted, with the proffered testimony rejected, the court was justified in holding, as a matter of law, that the plaintiff was entitled to a judgment dispossessing the defendant, and in directing a verdict to that effect, the same verdict should have been directed, had the proffered testimony been admitted as the defendant contends. The only insistence made by the defendant being that he had a vested right in the premises for and during his natural life, and his possession could not be terminated as that of a tenant at will, the court did not err in holding as a matter of law that the plaintiff was entitled to dispossess the defendant, and in submitting to the jury only the question as to the amount of rent to be recovered against the defendant as a tenant holding over. The court did not err in overruling the defendant's motion for new trial. *Judgment affirmed. Sutton and Felton, JJ., concur.*