31983. CARRUTH *v.* CARRUTH.

Decided May 22, 1948.

*James W. Arnold, Fred A. Gillen,* for plaintiff in error.
*Abit Nix, R. M. Nicholson,* contra.

SUTTON, C. J. (After stating the foregoing facts.) 1. The laws of this State provide for a summary eviction of a tenant by the landlord. Code, §§ 61-108, 61-301 et seq. In order to maintain such a proceeding the relation of landlord and tenant must exist. *Price* v *Bloodworth,* 55 *Ga. App.* 268 (189 S. E. 925). "When the owner of real estate grants to another simply the right to possess and enjoy the use of such real estate, either for a fixed time or at the will of the grantor, and the tenant accepts the grant, the relation of landlord and tenant exists between them." Code, § 61-101. If the relation is that of a tenant at sufferance, notice to quit is not necessary to terminate the tenancy and to maintain a dispossessory proceeding; but if the relationship is that of a tenant at will, two months' notice from the landlord to the tenant is necessary to terminate the tenancy. See Code, § 61-105. This notice is a condition precedent for an action to evict a tenant at will. *Tatum* v. *Padrosa,* 24 *Ga. App.* 259 (100 S. E. 653); *Bussell* v. *Swift,* 50 *Ga. App.* 148 (177 S. E. 277). "A tenancy at sufferance differs from a tenancy at will in this: The tenant at sufferance enters lawfully and holds over wrongfully without the landlord's assent or dissent; while the tenant at

will holds by the landlord's permission. 1 Taylor's Landlord & Tenant (8th ed.) § 64. A tenant at will is always in by right, evidenced by permission, express or implied, of the landlord. A tenant at sufferance holds over by wrong, and he is in possession, not by permission of the landlord, but as a result of his laches or neglect." *Willis* v. *Harrell*, 118 *Ga.* 906, 909 (45 S. E. 794). It takes little to convert a tenancy at sufferance into a tenancy at will. Anything that indicates the permission of the landlord for the tenant to remain in possession will have this effect. *Willis* v. *Harrell,* supra. A tenant at sufferance is distinguishable from a tenant at will, who is in possession by right, this right evidenced by the will of the landlord, as well as that of the tenant, which will is expressed by the express or implied consent of the landlord to the occupancy of the premises, concurrent with the will of the tenant to occupy the premises. See *Nicholes* v. *Swift,* 118 *Ga.* 922 (45 S. E. 708) ; 32 Am. Jur., Landlord and Tenant, pp. 81, 82, § 66; 51 C. J. S., Landlord and Tenant, pp. 762, 763, § 156. The payment of rent is not essential to the creation of a tenancy at will. See *Johnson* v. *Johnson,* 70 *Ga. App.* 217 (27 S. E. 2d, 878) ; 32 Am. Jur., Landlord and Tenant, p. 82, § 66, 51 C. J. S., Landlord and Tenant, p. 765, § 157. If a parol agreement is made for more than one year, it has the effect of a tenancy at will. Code, § 61-102. Also see *Johnson* v. *Johnson,* supra.

In the present case the plaintiff based his action on the theory, as shown by his affidavit, that the defendant was a "tenant holding over by sufferance." The court in his charge to the jury submitted only the issue as to whether or not W. J. Carruth was a tenant at sufferance, and by the charge the jury was restricted to a finding that W. J. Carruth was a tenant at sufferance, in the event that a finding was made in favor of the plaintiff. Under the evidence and facts in this case was the jury authorized to find that W. J. Carruth was a tenant at sufferance? We think not. The undisputed evidence shows that the defendant had moved onto the premises at the request of his mother, and into a house built for him by her and that he had occupied the house and tended the land for more than 20 years, that he had paid the taxes on this property for three years, and had contributed to the payment of the taxes thereon for the entire time that he had lived there, and that he had made improvements on the house.

The mother of the parties testified that she had owned the land and that after the defendant had married he had moved into a house she built for him on the land.  She further stated "I permitted him to live in the house as tenant.  He did not pay me any rent, just being permissive tenancy the way he occupied it . . I never asked him to vacate the house after I sold it or before.  I did state a while ago that I did ask him not to work the land this year, that I was going to let Eddie have it to work."  Construed in its most favorable light to the plaintiff this was not a notice for the defendant to vacate the premises, but on the contrary it could be construed only as notice that Mrs. Carruth was permitting the defendant to remain in the house, even if she did notify him that she was going to let the plaintiff work the land.  The plaintiff himself testified "After I bought the property from my mother I did not demand possession of it; I didn't tell him I bought it.   I did not say anything to him about the possession of the place until I broke the land and prepared it in the spring.   After I fixed it up he started to plant it and I told him I had bought the land and intended to work it, and he said 'you will have to sue for it.'  I do not remember the date when that was; it was sometime . .  before planting corn the last of April."  This was in April, 1947, and the record shows that the demand of the plaintiff was made on May 5, 1947, and the dispossessory warrant was issued on May 6, 1947.  It is not necessary to set out in detail any testimony of the defendant, or other witnesses in this respect, for it appears without dispute from the above testimony, which was offered in behalf of the plaintiff, that at all times until April, 1947, the occupancy of the defendant, W. J. Carruth, on the premises in dispute, was with the consent of his mother and the plaintiff claimed title and the right of possession through his mother.  So, as late as April, 1947, W. J. Carruth was occupying the premises in dispute under such a state of facts as to create, at least, a tenancy at will, and he was not a tenant at sufferance.  In *Johnson* v. *Johnson,* 70 *Ga. App.* 217 (supra), under a somewhat similar set of facts and circumstances, it was held that a tenancy at will had been created.  The defendant was entitled to two months' notice as a tenant at will before the tenancy could be terminated so as to support an action under the provisions of Code § 61-301 et seq.

As the evidence fails to support a finding that the defendant was a tenant at sufferance, and is insufficient to sustain a cause of action where a tenancy at will exists, the two months' statutory notice not having been given, the verdict in favor of the plaintiff was unauthorized, and the trial judge erred in overruling the defendant's motion for a new trial on the general grounds.

■ In special ground 4 of the motion for a new trial error is assigned on the admission into evidence of the written demand for the premises. The demand was. identified as having been signed by the plaintiff, who, after having refused to deliver it in person, gave it to his attorney who in turn gave it to the sheriff to deliver to the defendant, and the sheriff testified that he made no demand, but that he served the paper on the defendant at the request of the attorney for the plaintiff, and this latter statement was substantiated by the attorney. The reason assigned as error on this ground is that a demand of this nature is personal, and must be made by the party himself, his agent, attorney at law, or attorney in fact, and that such agent or attorney can not delegate his authority. The written demand was signed by the plaintiff himself and was served on the defendant by the sheriff at the request of the attorney for the plaintiff. In these circumstances the court did not err in the admission of the demand in evidence.

■ Error is assigned in special ground 5 of the motion because the court refused to allow the defendant to testify as to a conversation with his mother about the purchase of an adjoining tract of land in 1929 jointly with his brother,. E. H. Carruth, this evidence being rejected on the ground that E. H. Carruth was not present at the time of this conversation with the mother. The court did not err in excluding this evidence. See *Barwick* v. *Walden*, 71 *Ga. App.* 824 (32 S. E. 2d, 401) ; *McElroy* v. *McElroy*, 142 *Ga.* 37 (6) (82 S. E. 442).

■ In special ground 6 of the motion error is assigned on the charge of the court in regard to a tenancy at sufferance, it being contended by the plaintiff in error that the evidence made an issue as to whether or not there was a tenancy at will instead of a tenancy at sufferance. The charge complained of was error for the reasons shown in division 1 of this opinion, and the trial

judge erred in overruling this ground of the motion for a new trial.

■ The admission in evidence of a deed, in which Mrs. M. A. Carruth granted to the defendant, W. J. Carruth, the right to remove certain buildings from the premises in dispute, was not error for any reason assigned in special ground 7 of the motion.

■ As the case is being reversed for other reasons, and the alleged misconduct of the juror complained of in ground 8 of the motion will probably not reoccur, it is unnecessary for the court to pass on this ground of the motion.

*Judgment reversed. Felton and Parker, JJ., concur.*