65479. MAY v. MAY et al.

BANKE, Judge.

On October 3, 1979, appellees, Howard and Dixie May, applied for a writ of possession against their son, Pat May, who had been living on their farm in Catoosa County, Georgia, since 1961. In this appeal from the trial court's order granting the writ, appellant contends that no landlord/tenant relationship existed and that appellees had given him the property; alternatively, he maintains that he is entitled to recoup the costs of improvements he had made to the property during the period of his possession. *Held:*

1. The evidence adduced at trial indicated that the parties had never entered any formal lease or rental agreement. Appellant took possession of the property in 1961 with the permission of appellees. During his 18-year possession prior to the commencement of this action, appellant never paid rent, but he did pay the property taxes and insurance for several years, as well as almost all improvements to the property. He also had been employed by appellees from 1961 to 1966, in conjunction with appellees' hatchery operations on the farm.

In support of his contention that no landlord/tenant relationship existed, appellant relies upon *Story v. Epps,* 105 Ga. 504 (31 SE 109) (1898). However, that case is inapposite as it involved an agreement between the parties purporting to convey title. This necessarily negated the existence of a landlord/tenant relationship. See *Allread v. Harris,* 75 Ga. 687 (1885).

Former Code Ann. § 61-101, which applied at the time the trial court rendered its decision, provided that "when the owner of real

estate grants to another simply the right to possess and enjoy the use of such real estate, either for a fixed time or at the will of the grantor, the relation of landlord and tenant exists between them." (The current statute, OCGA § 44-7-1 (Code Ann. § 61-101), slightly alters the above language but retains its import.) "The payment of rent is not essential to the creation of a tenancy at will." *Carruth v. Carruth,* 77 Ga. App. 131 (48 SE2d 387) (1947). Under the facts of this case, the trial court was authorized to find that the landlord/tenant relationship existed.

2. The evidence did not demand a conclusion that the appellees had given the property to the appellant. "To constitute a valid gift, there must be: (a) an intention by the donor to transfer to the donee an immediate present interest, and not a mere future interest, or to make a testamentary gift . . ." *Cannon v. Williams,* 194 Ga. 808 (22 SE2d 838) (1942). In this case, there was no evidence of such an intention but only evidence of an "understanding" on the appellant's part that upon the death of appellees the property would go to him. A finding in favor of the appellant on this issue is not demanded by OCGA § 44-5-85 (Code Ann. § 48-106), which provides that "[t]he exclusive possession by a child of lands which originally belonged to the parent or parents, without payment of rent, for the space of seven years, creates a conclusive presumption of a gift and conveys title to the child, unless there is evidence of a loan, of a claim of dominion by the parent or parents acknowledged by the child, or of a disclaimer of title by the child." Appellant's own testimony that he understood he was to receive the land upon the appellees' death can be construed as a disclaimer of title by him. Further, it appears that appellees exercised dominion by intermittently repairing the bridge leading to the property and offering the property as security for a $20,000 loan obtained in November 1976, the proceeds of which were used by appellant to make improvements on the property.

3. Appellant asserts that he at least is entitled to recoup the costs he incurred for improvements made to the property during his possession. However, he cites no authority that provides for such recovery where there has been no agreement between the landlord and tenant regarding the improvements, and we know of none.

OCGA § 44-7-13 (Code Ann. § 61-111) provides that a landlord "shall be liable for all substantial improvements placed upon the premises by his consent." That the appellees had never consented to the improvements was amply demonstrated by appellant's own testimony that he had never discussed the matter with them because he had not considered it any of their business. Absent such consent or an agreement between the parties to the contrary, appellant as tenant cannot place liability for the improvements on the appellees as

landlords. See generally *West View Corp. v. Thunderbolt Yacht Basin, Inc.,* 208 Ga. 93 (65 SE2d 167) (1951), and *Reppard, Snedeker & Co. v. Morrison,* 120 Ga. 28 (47 SE 554) (1904). Although appellees may have impliedly consented to the improvements financed by the proceeds of the $20,000 loan obtained by them in November of 1976, it is clear that they are liable for these in any event, by virtue of their liability on the note. Appellant having shown no factual or legal basis for recovery of the costs of improvements, the trial court correctly denied that claim for relief.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED JANUARY 31, 1983 —
REHEARING DENIED FEBRUARY 17, 1983.

*Robert D. Lawson, Jr.,* for appellant.
*Frank M. Gleason,* for appellees.