A95A1596. DEEN v. UNITED DOMINION REALTY TRUST.

(462 SE2d 384)

McMurray, Presiding Judge.

Plaintiff United Dominion Realty Trust ("United") filed a petition for a dispossessory warrant, alleging that defendant Lee Roy Deen is a tenant who "fails to pay the rent which is now past due" and accruing in the amount of $409 per month. Defendant's timely written answer alleged that he was "paying into the court register [sic] $409.00 + $30.00 cost of dispossessory warrant this being a compleat [sic] defense according to Ga Code[.]" After a hearing some six weeks later, the State Court of Cobb County entered a judgment for plaintiff, "based on the failure to state any sufficient legal defense in the Defendant's answer." Specifically, the trial court found that a "prior dispossessory 94D7309 (August 1994) settled between parties and this current action for Rent Deft [sic] only deposited ($409 + 30)[.] Per OCGA 44-7-52 Required tender to Plff [sic] not Court & OCGA payment to Court is possession through final outcome (hearing)[.]" This direct appeal followed. *Held*:

1. Defendant contends that the trial court erred in refusing to consider defendant's direct testimony that no proper demand for possession preceded plaintiff's filing of this petition for dispossessory. Defendant refers this Court to several citations for the indisputable proposition that a "demand for possession" or "notice to quit" is a condition precedent to an action to evict a tenant at will. See, e.g.,

*Carruth v. Carruth*, 77 Ga. App. 131, 134 (48 SE2d 387). We are, however, unable to consider the merits of this contention for there is no transcript of the proceedings below nor any attempt to recreate the record as contemplated by OCGA § 5-6-41 (g) and (i). In order for the appellate court to determine whether the judgment appealed from was erroneous, it is the duty of the appellant to include in the record those items which will enable the appellate court to perform an objective review of the evidence and proceedings. OCGA § 5-6-41 (c). "Thus, where the transcript is necessary[, as in the case sub judice,] and appellant omits it from the record on appeal [or fails to submit a statutorily authorized substitute], the appellate court must assume the judgment below was correct and affirm. See *McAllister v. City of Jonesboro*, 242 Ga. 95 (249 SE2d 565) (1978); *Brooks v. Home Credit Co.*, 128 Ga. App. 176 (196 SE2d 176) (1973)." *Brown v. Frachiseur*, 247 Ga. 463, 464 (277 SE2d 16). Consequently, this enumeration presents nothing for review. *Tadlock v. Duncan*, 215 Ga. App. 441, 442 (1), 443 (451 SE2d 80).

2. Defendant further contends the dispossessory warrant was erroneously issued because no rent was in fact past due. In this regard, defendant claims that rent for January 1995, "was tendered with check #1912 on the tenth of January, 1995, 7 days *before* the proceedings for a dispossessory warrant where [sic] even started." (Emphasis in original.) He argues that tender of chattels is the equivalent of payment. " '(A) check is not payment until itself paid unless explicitly taken with a contrary understanding.' *Kersh v. Life &c. Ins. Co.*, 109 Ga. App. 793, 795 (137 SE2d 493) (1964)." *Progressive Preferred Ins. Co. v. Brown*, 261 Ga. 837, 839 (3) (413 SE2d 430). Consequently, this contention is without merit.

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED AUGUST 17, 1995 —
RECONSIDERATION DISMISSED SEPTEMBER 5, 1995 —

Lee R. Deen, *pro se.*
*Russell D. Mays*, for appellee.