## 66620. SHAHEEN v. COBB COUNTY BOARD OF TAX ASSESSORS.

DEEN, Presiding Judge.

In 1982 Shaheen received from the Cobb County Board of Tax Assessors a notice of change of assessment on certain real property he owned, and timely appealed to the Board of Equalization. As he was dissatisfied with the Board's decision, he appealed to the superior court and on March 1, 1983, a jury determined that as of January 1, 1982, the fair market value of his property was $2,051,346.80. On March 3, 1983, the trial court entered a judgment on the jury verdict, applied the forty percent factor for determining assessed values, added the nine percent factor imposed on the entire county digest for 1982 by the State Revenue Commissioner, and determined the assessed value of his property to be $894,387.20. Shaheen appeals from that portion of the judgment which adds the nine percent factor. *Held:*

At the beginning of the trial, appellees requested a ruling that the nine percent factor would apply, and Shaheen objected. The court held that the factor would not be submitted to the jury as part of the case and reserved its decision as to the applicability of the factor. After the verdict was published, the court heard arguments on the issue and held it would apply to the jury verdict.

Under OCGA § 48-5-271 (Code Ann. § 91A-1413), the State Revenue Commissioner has the duty to examine the tax digests of the

various counties in order to ascertain whether the valuation of various classes of property is uniform between the various counties and between the various classes within the county. When it appears to the commissioner that uniformity does not exist he has the authority, after conducting an investigation, to adjust and equalize the digest. In the instant case, he applied a nine percent factor to the 1982 Cobb County Tax Digest. The code does not provide for exceptions for assessments determined by jury verdicts. The superior court, however, is without jurisdiction to apply this factor. OCGA § 48-5-272 (Code Ann. § 91A-1414) provides: "Upon receipt of the notice from the commissioner required by subsection (b) of Code Section 48-5-271 (Code Ann. § 91A-1413), the county board of tax assessors and county governing authority shall take such action as is required to effect the adjustments made by the commissioner to the county digest and county millage levy."

*Judgment reversed. Banke and Carley, JJ., concur.*

DECIDED SEPTEMBER 7, 1983.

*Charles E. Leonard,* for appellant.
*Charles A. Evans,* for appellee.