46705. CONTAINER CORPORATION OF AMERICA v. CHARLTON COUNTY et al.

46706. GILMAN PAPER COMPANY v. CHARLTON COUNTY et al.

46707. UNION CAMP CORPORATION et al. v. CHARLTON COUNTY et al.

(383 SE2d 105)

MARSHALL, Chief Justice.

The appellants are owners of timberland in Charlton County. Dissatisfied with the 1986 assessment for ad valorem taxes on their properties, they filed an appeal which resulted in a consent judgment with Charlton County. This consent judgment provided that the values of appellants' properties would be rolled back to the values assessed in 1985, and that these values would remain in effect until such time as Charlton County conducted "a complete re-evaluation of all

taxable property" within the county.

The record shows that, following entry of the consent judgment, the county rolled back to 1985 values not only the value of timberland owned by the appellants, but also the value of timberland owned by taxpayers who were not parties to the consent judgment. The tax commissioner testified that this was done in order to treat all similarly situated property owners fairly. In 1987, the county prepared a tax digest assigning to appellants' properties the value provided by the consent judgment. The county again rolled back to 1985 values timberland owned by taxpayers who had not been parties to the consent judgment. The county submitted the digest to the Commissioner of Revenue (Commissioner) as provided for by OCGA § 48-5-271 (a). The evidence shows that, had this digest been approved by the Commissioner, the county would have applied a millage rate of 30.7 to meet its budget.

In accordance with OCGA § 48-5-271 (b) the Commissioner examined the Charlton County digest and concluded that the taxable values of properties within the county did not accurately reflect an assessment ratio of 40% of fair-market value. He therefore disapproved the digest as submitted and applied a factor of 21%, which had the effect of raising all property values in the county by 21% for purposes of the tax digest. There was evidence that, had the county applied the factor order to all property owners, a millage rate of 25.67 would have been required to meet the county's budget. However, because of the consent judgment, the county prepared tax bills which applied the 21% factor order to all property owners except the appellants. By exempting the appellants from the factor order, a millage rate of 27.08 was required to meet the county budget.

The Commissioner initially approved this digest as resubmitted by the county, then revoked his approval upon learning that the appellants had been exempted from the factor order. By this time, the county had sent out its tax bills applying the 21% factor to all property owners except the appellants, and applying a millage rate of 27.08 to all property owners. In order to obtain approval of its digest, the county sent out supplemental tax bills to the appellants which applied the 21% factor order to their properties. A millage rate of 27.08 was applied in computing the additional taxes owed. The supplemental tax bills to the appellants resulted in collection of $175,000 in excess of the budget set by the county. The appellants paid the additional taxes under protest, then sought an injunction to require the county to comply with the consent judgment. The appellants also prayed that the $175,000 which they paid pursuant to the supplemental tax bills be refunded to them.

Following a hearing, the trial court denied all claims for relief, finding that the county had a duty to apply the factor order of the

Commissioner to its digest, and that the county's actions in doing so did not violate the consent judgment previously entered between the parties.

1. The consent judgment between the parties fixed the *value* at which the county would assess the appellants' properties for taxes in preparing the Charlton County tax digest. This value was to remain constant until the county completed an appraisal of all real property within the county. The consent judgment did not fix the amount of ad valorem taxes the appellants would pay until such time as the county-wide appraisal was complete, nor did the consent judgment fix the values which would be assigned to any other property owners in Charlton County in preparing the tax digest. When the county prepared the 1987 tax digest, it assigned to the appellants' properties the values agreed to in the consent judgment. Nonetheless, some of the appellants argue that the county violated the consent judgment by applying the Commissioner's factor order to their properties, because this enhanced the value of their properties, and resulted in the overpayment of taxes.

It is clear that the Commissioner has the authority to adjust and equalize a county digest when he concludes that the digest is not uniform. OCGA § 48-5-271. As was held in *Shaheen v. Cobb County Bd. of Tax Assessors*, 167 Ga. App. 780 (307 SE2d 301) (1983), the statute does not provide for an exception from a factor order where a jury has determined the fair-market value of a taxpayer's property. Neither does it provide for an exception from a factor order where the taxpayer and the taxing authority have entered into a consent judgment determining value for the purpose of the county tax digest. Here the Commissioner was not a party to the consent judgment and cannot be bound by it. The trial court, therefore, did not err in holding that the county complied with the consent judgment, and in denying the appellants' prayers for injunctive relief.

2. All appellants argue that even though the county did not violate the letter of the consent judgment, it violated the spirit of that judgment by collecting an additional $175,000 in taxes from the appellants. The appellants argue that the trial court erred in not exercising its equitable powers to require that these sums be refunded to the appellants.

When the county prepared its 1987 tax digest, it applied the values agreed to in the consent judgment to the appellants' properties. The record shows that these values reflected the values assigned to the appellants' properties by the county in 1985. In order to uniformly tax all timberland owners, the county, for purposes of the 1987 tax digest, assigned 1985 values to *all* timberland in the county regardless of whether the owners had been parties to the consent judgment. As the record shows that timberland comprises the majority of

property in Charlton County, this action resulted in a tax digest which was not uniform "with values fixed upon the same classes of property within other counties. . . ." OCGA § 48-5-271 (b). Consequently, it was necessary for the Commissioner to adjust the Charlton County tax digest by a factor of 21% in order to achieve uniformity.

Had the county, in preparing the 1987 tax digest, applied the 1985 property values only to the appellants, the record shows that the Commissioner's factor order would have been approximately 11%. Under this set of facts, the value of all property in Charlton County would have been raised by 11% for purposes of the tax digest and the county would have accordingly set a millage rate which would have yielded an amount of money necessary to meet its budget. The appellants would have been subject to the same factor order and millage rate as all other taxpayers in Charlton County, but their taxes would have been proportionately lower than other taxpayers because their properties would have been assigned 1985 values instead of 1987 values.

However, when the county assigned 1985 values to all timberland in the county,[1] the appellants lost some of the advantage they gained by the consent judgment with respect to other taxpayers in the county. Because a substantial portion of the county is timberland, the millage rate would need to be adjusted in order for the county to meet its budget. As the value of timberland dropped, the millage rate would have to go up in order to generate the same amount of tax dollars. The record shows that, had no factor order been issued, a millage rate of 30.7 would have been applied to the digest to meet the county's budget. However, when the Commissioner ordered that the value of all properties in the digest be increased by 21%, the millage rate had to drop in order to generate the same amount of tax dollars. The record shows that, had the county applied the 21% factor to all taxpayers in the county, the millage rate would have been 25.67. However, by initially exempting the appellants from the 21% factor, the county reduced the value of the tax digest as a whole, and it was necessary to raise the millage rate above 25.67 in order to generate enough tax dollars to meet the budget. Thus, when the tax bills were sent out, a millage rate of 27.08 was applied to all taxpayers in the county, and a factor order of 21% was applied to all taxpayers except the appellants. When the Commissioner became aware of these exemptions and revoked his approval of the tax digest, the county sent supplemental tax bills to the appellants, which reflected application of the 21% factor and a 27.08 millage rate to their properties. As

---

[1] While the appellants maintain that it was unfair of the county to take this action, they do not contend that the county lacked authority to do so.

stated above, these supplemental bills generated $175,000 in excess of the tax dollars necessary to meet the county's budget. The appellants argue that they have been overtaxed, and because the $175,000 collected is over and above what the county needs to meet its budget, equity requires that it be refunded to the appellants.

What the appellants' argument overlooks is that all taxpayers in Charlton County have proportionately paid more in taxes than is necessary to meet the amount of the county's budget. Had the county initially applied the 21% factor to the appellants' properties, it would have applied a millage rate of 25.67; because the tax bills sent out did not apply the 21% factor to appellants' properties, a millage rate of 27.08 was required. Therefore, each taxpayer in Charlton County, including the appellants, paid 1.41 mils[2] more than was necessary to generate the funds needed to meet the county budget.[3] The appellants' argument that their taxes alone have generated this "windfall" to the county budget and that they are therefore entitled to a refund of $175,000, is without merit. The appellants have been subject to the same factor order and same millage rate as every other taxpayer in Charlton County. The trial court did not err in denying their claims for refund.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 6, 1989.

*Dickey, Whelchel, Brown & Readdick, J. Thomas Whelchel,* for appellant (case no. 46705).

*Eddings & Berry, Stephen L. Berry,* for appellant (case no. 46706).

*Fendig, McLemore, Taylor & Whitworth, Gilbert C. McLemore, Jr.,* for appellant (case no. 46707).

*Thomas, Settle & Parker, W. Vincent Settle III,* for appellees.

*Michael J. Bowers, Attorney General, Lucy T. Sheftall, Assistant Attorney General,* amicus curiae.

---

[2] In its brief, the county maintains that each taxpayer paid an additional 1.34 mils rather than the 1.41 mils which the record reflects.

[3] The record indicates that the $175,000 collected has been placed in an escrow account, and that Charlton County has committed to the Department of Revenue to return this money to the taxpayers through a roll-back plan.