## A01A2214. TAYLOR v. YOUNG.
(560 SE2d 40)

ELLINGTON, Judge.

Following the denial of his motion for new trial, James Lee Taylor III appeals the probate court's order denying his caveat to Senell Marie Young's petition for letters of administration for the estate of Young's mother, Senell Mary James. See OCGA § 53-6-21 (Revised Probate Code of 1998). Taylor contends the probate court lacked jurisdiction to rule on a contested matter and erred in finding he was not the common law husband of the decedent, as he claimed in his caveat to the petition. Finding no error, we affirm.

1. Taylor contends the probate court exceeded its jurisdiction in adjudicating the contested issue of whether he was the common law husband of the decedent. The probate court held an evidentiary hearing on Taylor's caveat on June 14, 2000, with Pinkie T. Toomer, an attorney and chief clerk of the probate court, acting as the hearing officer. Judge F. E. Propst of the Probate Court of Fulton County appointed Toomer to exercise the court's jurisdiction in the matter pursuant to OCGA § 15-9-13 (a).[1] The order disposing of Taylor's caveat, however, indicated that Toomer was "[e]xercising the jurisdiction of the judge of the Probate Court as provided by OCGA § 15-9-36 (c)." As Taylor correctly pointed out at the hearing on his motion for new trial, OCGA § 15-9-36 (c) (1) authorizes the chief clerk to act as a hearing officer but only as to uncontested matters.[2] In the order denying Taylor's motion for new trial, Toomer corrected as a "typographical error" the statutory reference to the source of jurisdiction and followed her signature with the language "[e]xercising the jurisdiction of the judge of the Probate Court as provided by OCGA § 15-9-13 (a)."

(a) Taylor contends Toomer's exercise of jurisdiction was unau-

---

[1] OCGA § 15-9-13 (a) provides, in pertinent part:
Whenever a judge of the probate court is disqualified to act in any case or because of sickness, absence, or any other reason is unable to act in any case, the judge of the probate court may appoint an attorney at law who is a member of the State Bar of Georgia to exercise the jurisdiction of the probate court.

[2] OCGA § 15-9-36 (c) (1) provides, in pertinent part: "the chief clerk of the probate judge . . . may exercise all the jurisdiction of the judge of the probate court concerning uncontested matters in the probate court."

thorized because neither the original dispositive order nor the order denying his motion for new trial complied with Uniform Probate Court Rule 3. Rule 3 requires appointments pursuant to OCGA § 15-9-13 (a) to be "by written order which shall specify the cases or time period covered and shall be recorded in the minutes of the court." Rule 3 further requires an attorney signing an order while acting as judge pursuant to such authority to note "following such signature: 'Exercising the jurisdiction of the probate court pursuant to order of Judge _____, dated _____, as provided by OCGA § 15-9-13 (a).'" It is undisputed that Toomer's order omitted a portion of the language required by Rule 3, i.e., "pursuant to order of Judge F. E. Propst, dated June 14, 2000." Taylor identified no support, however, and we find none, for the position that the documentary requirements of Rule 3 are jurisdictional in nature. Therefore, when an attorney has been appointed to act in a judge's absence, in accordance with OCGA § 15-9-13 (a), the omission of the quoted language from an order entered by the substitute judge does not invalidate the judge's exercise of jurisdiction over contested probate matters. See OCGA §§ 9-11-58 (requiring judge's name and title to be typed, printed, or stamped after signature but providing "[t]he failure of the judgment to have the typed, printed, or stamped name of the judge shall not invalidate the judgment"); 9-11-60 (g) ("[c]lerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders").

(b) Taylor further suggests that Toomer lacked jurisdiction to rule on the contested matter because the two orders appointing Toomer to exercise jurisdiction in this matter were not actually entered before the hearing on his caveat. This assertion is contrary to the record certified by the clerk and transmitted to this Court. Clerks and deputy clerks of court are public officers and are presumed to discharge their duties properly. *Oller v. State*, 187 Ga. App. 818, 820 (2) (371 SE2d 455) (1988). The authenticated records of the office of a clerk of court are presumed to speak the truth. *Swift v. State*, 229 Ga. App. 772, 776 (2) (f) (495 SE2d 109) (1997). Taylor's argument is supported with innuendo only, not with *evidence* sufficient to overcome the presumption. Again, Taylor's argument that Toomer lacked jurisdiction over his caveat to Young's petition lacks merit.

2. Taylor contends the probate court erred in finding that he was not the common law husband of the decedent. We are precluded from considering this enumeration because Taylor failed to include a transcript of the evidentiary hearing or an acceptable substitute for a transcript. Court of Appeals Rule 27 (c) (3) (i); OCGA § 5-6-41 (g), (i); *Deen v. United Dominion Realty Trust*, 218 Ga. App. 443, 444 (1) (462

SE2d 384) (1995); *Prada v. Administrator, Small Business Admin.*, 208 Ga. App. 710 (432 SE2d 274) (1993). Further, Taylor's failure to cite any authority or argument in support of this enumeration precludes us from considering it. Court of Appeals Rule 27 (c) (2); *Gentry v. Chateau Properties*, 236 Ga. App. 371, 374 (5) (511 SE2d 892) (1999). In the absence of factual support and legal authority for Taylor's claim of error, we must assume that the probate court's judgment was supported by the evidence and legally correct. *Parks v. Texas Commerce Bank*, 229 Ga. App. 467, 468 (494 SE2d 276) (1997). Therefore, we must affirm. Id.

*Judgment affirmed. Johnson, P. J., and Ruffin, J., concur.*

DECIDED JANUARY 16, 2002 —
RECONSIDERATION DENIED FEBRUARY 6, 2002.

*Jesse L. Young*, for appellant.
*R. Edward Furr, Jr.*, for appellee.