**FIRST DIVISION**
**ELLINGTON, C. J.,**
**PHIPPS, P. J., and DILLARD, J.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**July 12, 2012**

# In the Court of Appeals of Georgia

A12A0110. HUTCHESON v. ELIZABETH BRENNAN
ANTIQUES & INTERIORS, INC.

DILLARD, Judge.

In this suit on an open account, Elizabeth Brennan Antiques & Interiors, Inc.

("Brennan") sued Marion Hutcheson to recover payment for work done on

Hutcheson's property. Following Hutcheson's failure to timely answer Brennan's

complaint after service by publication, the trial court entered a default judgment

against her. Hutcheson now appeals, arguing, *inter alia*, that the trial court erred in

denying her motion to set aside the default judgment on the ground that Brennan's

attempt to serve her by publication was improper and ineffective. Because the Clerk

of the Superior Court of Walker County, by its own admission, failed to strictly

comply with the requirements for service by publication delineated in OCGA § 9-11-

4 (f) (1) (C), we are constrained to reverse the trial court's denial of Hutcheson's motion to set aside the default judgment.

The record shows that between April of 2006 and April of 2008, Brennan performed work on Hutcheson's Happy Valley Stables property, but she eventually stopped such work after a dispute arose over payment. On October 16, 2009, Brennan notified Hutcheson of her intent to recover the money allegedly owed for the work she had completed. But Hutcheson refused Brennan's demand, and thus, on December 2, 2009, Brennan filed a verified suit on account in the Superior Court of Walker County. At that time, Brennan provided the sheriff's department with the documents for service upon Hutcheson, which indicated that her home address was Route 1, Happy Valley Road, Rossville, Georgia. However, despite multiple attempts—some of which may have occurred at Hutcheson's business rather than her residence—the sheriff's department was unable to personally serve Hutcheson.

Thereafter, Brennan moved for an order appointing a special process server, which the trial court granted on March 21, 2010. The special process server made several attempts to serve Hutcheson at her residence but was also unsuccessful, despite the fact that on two of the attempts Hutcheson appeared to be home. Subsequently, Brennan enlisted the aid of a second process server. This second

process server also made multiple attempts to serve Hutcheson. In fact, during one attempt, the second process server allegedly approached Hutcheson as she was leaving her residence, but she refused service and sped past the process server in her car.

Believing that Hutcheson was evading service, on June 23, 2010, Brennan filed a motion for service by publication, which included affidavits from the sheriff's deputy and both special process servers concerning their failed attempts to serve Hutcheson. The trial court granted Brennan's motion one day later, the order was filed on July 13, 2010, and on July 16, 2010, the notice of publication, which included Hutcheson's address, was filed with the court. In addition, Brennan requested that the clerk of the Walker County Superior Court mail a stamped filed copy of the notice to Hutcheson's known address. And beginning on July 23, 2010, the notice was published in a local newspaper for four consecutive weeks.

Despite the publication, Hutcheson did not file an answer, and as a result, on September 24, 2010, Brennan filed a motion for default judgment. One week later, Hutcheson's counsel filed an entry of appearance but did not initially file a motion to open the default pursuant to OCGA § 9-11-55 (b). Consequently, on October 5, 2010, the court granted default judgment. Shortly thereafter, Hutcheson filed a motion

3

to set aside the default judgment, arguing that the service by publication was improper and ineffective, and therefore, the court did not have personal jurisdiction over her. Brennan filed a response, and on December 21, 2010, the trial court held a hearing on the matter. At the conclusion of the hearing, the trial court ruled that Hutcheson had attempted to evade service and, thus, service by publication was warranted. However, although the trial court refused to open the default, it did set aside the default judgment for a determination of whether or not Brennan's damages were liquidated. On December 28, 2010, the trial court issued an order reaffirming its conclusions from the hearing.

Following the December 28, 2010 order, Hutcheson filed a pleading contesting Brennan's damages, and Brennan filed a motion arguing that her damages were, in fact, liquidated and that a hearing on damages was, therefore, unnecessary. Additionally, Hutcheson filed a motion to open the default and a motion that she termed a "Motion To Amend or Modify the Order of This Court Dated December 28, 2010," arguing again that service by publication was improper and ineffective. In support of this motion, Hutcheson included an exhibit entitled "Certificate of Clerk" which was signed by the Clerk of the Superior Court of Walker County and which stated as follows:

4

The undersigned hereby certifies that, at the request of Defendant's counsel, on this date he has personally examined the official court file in the above-styled case. He further certifies that neither he nor any member of his office staff was advised at any time by any person, that the address of the defendant Marion Hutcheson was known, in the manner provided by OCGA § 9-11-4 (f) (1). Consequently, absent any advisement by the party obtaining the order for Service by Publication that the residence of the defendant, Marion Hutcheson was known, neither the undersigned nor any of his designees mailed a copy of the notice of publication or the complaint in this case, to the defendant Marion Hutcheson, nor is there any such notation in the case file.

On April 5, 2011, the trial court held another hearing, during which Brennan argued that her company's lawsuit was on an open account, that damages were liquidated, and therefore, that default judgment should, once again, be granted in her favor. Hutcheson further argued that service by publication was improper in light of the evidence that the notice was not mailed to Hutcheson, but the trial court refused to hear additional argument on the issue, and at the conclusion of hearing, the court ruled that Brennan's damages were liquidated and granted default judgment in her favor. Shortly thereafter, on April 15, 2011, the trial court issued a written order, affirming the default judgment. This appeal follows.

At the outset, we note that, "[a]bsent an abuse of discretion, we will not reverse a trial court's refusal to set aside a default judgment."[1] However, the standard of review for a question of law on appeal is *de novo*, "during which we owe no deference to the trial court's ruling and apply the 'plain legal error' standard of review."[2] With these guiding principles in mind, we will now address Hutcheson's argument.

1. Hutcheson contends that the trial court erred in denying her motion to set aside the default judgment, arguing, *inter alia*, that service by publication was invalid because the Clerk of the Superior Court of Walker County failed to strictly comply with the requirements for service by publication set forth in OCGA § 9-11-4 (f) (1) (C). We agree, and therefore are constrained to reverse.

The right to due process requires notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford

---

[1] *Jacques v. Murray*, 290 Ga. App. 334, 335 (1) (659 SE2d 643) (2009) (punctuation omitted).

[2] *Cosby v. Lewis*, 308 Ga. App. 668, 670 (1) (708 SE2d 585) (2011) (punctuation omitted).

them an opportunity to present their objections."[3] Echoing that concern, our Supreme Court has cautioned that "[n]otice by publication is a notoriously unreliable means of actually informing interested parties about pending suits."[4] Nevertheless, our Civil Practice Act allows for such service in limited circumstances.[5]

The requirements for obtaining an order for service by publication are detailed in OCGA § 9-11-4 (f) (1) (A), which in relevant part provides:

> When the person on whom service is to be made resides outside the state, or has departed from the state, or cannot, after due diligence, be found within the state, or conceals himself or herself to avoid the service of the summons, and the fact shall appear, by affidavit, to the satisfaction of the judge or clerk of the court, and it shall appear, either by affidavit or by a verified complaint on file, that a claim exists against the defendant in respect to whom the service is to be made, and that he or she is a necessary or proper party to the action, the judge or clerk may

---

[3] *Coker v. Moemeka*, 311 Ga. App. 105, 107 (2) (a) (714 SE2d 642) (punctuation omitted).

[4] *McDade v. McDade*, 263 Ga. 456, 457 (2) (435 SE2d 24) (1993) (punctuation omitted); *see Abba Gana v. Abba Gana*, 251 Ga. 340, 343 (1) (304 SE2d 909) (1983); *Coker*, 311 Ga. App. at 107 (2) (a).

[5] *See* OCGA § 9-11-4 (f); *Melton v. Johnson*, 242 Ga. 400, 404 (249 SE2d 82) (1978) ("This court long has been of the opinion that the General Assembly may enact laws providing a procedure for service of process on Georgia residents by publication and by mail if state and federal concepts of due process are not violated.").

7

grant an order that the service be made by the publication of summons . . . .[6]

Once an order for service by publication is obtained, publication itself must similarly comply with the requirements of OCGA § 9-11-4 (f) (1) (C), which in relevant part states:

> When the court orders service by publication, the clerk shall cause the publication to be made in the paper in which sheriff's advertisements are printed, four times within the ensuing 60 days, publications to be at least seven days apart. The party obtaining the order shall, at the time of filing, deposit the cost of publication. The published notice shall contain the name of the parties plaintiff and defendant, with a caption setting forth the court, the character of the action, the date the action was filed, the date of the order for service by publication, and a notice directed and addressed to the party to be thus served, commanding him or her to file with the clerk and serve upon the plaintiff's attorney an answer within 60 days of the date of the order for service by publication and shall bear teste in the name of the judge and shall be signed by the clerk of the court. *Where the residence or abiding place of the absent or nonresident party is known, the party obtaining the order shall advise the clerk thereof; and it shall be the duty of the clerk, within 15 days after filing of the order for service by publication, to enclose, direct, stamp, and mail a copy of the notice, together with a copy of the order for service by publication and complaint, if any, to the party named in the order at*

---

[6] *See* OCGA § 9-11-4 (f) (1) (A).

8

*his or her last known address, if any, and make an entry of this action on the complaint or other pleadings filed in the case . . . .*[7]

Importantly, but not unexpectedly given its concerns regarding due process, our Supreme Court has held that service must be made as provided by the Code section, and "substantial compliance" in matters involving service of process is insufficient.[8] In fact, the Court has further held that there is no authority to dispense with the clear requirements of the Code section "merely because the defendant may otherwise obtain knowledge of the filing of the action."[9] And finally, while the trial court renders the initial decision about the legality of notice, "the appellate courts must independently decide whether under the facts of each case the search for the absentee interested party was legally adequate."[10]

Here, Brennan proffered evidence suggesting that Hutcheson was evading personal service and, thus, the trial court did not err in granting Brennan's motion for

---

[7] *See* OCGA § 9-11-4 (f) (1) (C) (emphasis supplied).

[8] *Bible v. Bible*, 259 Ga. 418, 419 (383 SE2d 108) (1989); *see Ballenger v. Floyd*, 282 Ga. App. 574, 575 (639 SE2d 554) (2006); *Fudge v Balkissoon*, 199 Ga. App. 755, 755 (406 SE2d 116) (1991).

[9] *Bible*, 259 Ga. at 419.

[10] *Coker*, 311 Ga. App. at 107 (2) (a) (punctuation omitted).

9

service by publication pursuant to OCGA § 9-11-4 (f) (1) (A).[11] However, although Brennan contends that counsel directed the clerk of the superior court to mail copies of the order for service by publication, notice of publication, and Brennan's complaint to Hutcheson's last known address as required by OCGA § 9-11-4 (f) (1) (C), Hutcheson maintains that she never received such documents. And indeed, more importantly, the Clerk of the Superior Court of Walker County conceded that it did not mail those documents to Hutcheson.[12] Thus, service in this case did not comply with the terms of the statute authorizing service by publication.[13] Accordingly, the trial court lacked personal jurisdiction over Hutcheson, and we are constrained to reverse the trial court's denial of her motion to set aside the default judgment.[14]

---

[11] *See Melton*, 242 Ga. at 401-02.

[12] *See Taylor v. Young*, 253 Ga. App. 585, 586 (1) (b) (560 SE2d 40) (2002) (noting that "[t]he authenticated records of the office of a clerk of court are presumed to speak the truth").

[13] *See Fudge*, 199 Ga. App. at 755 (holding that service by publication must be made as provided by statute and that substantial compliance with statute is not sufficient).

[14] *See McDade*, 263 Ga. at 458 (2) (holding that because service by publication was invalid, trial court lacked personal jurisdiction over defendant); *Coker*, 311 Ga. App. at 108-09 (2) (a) (same).

2. Given our holding in Division 1, Hutcheson's remaining enumerations of error are moot and need not be addressed.

*Judgment reversed. Ellington, C. J., and Phipps, P. J., concur.*