**SECOND DIVISION**
**MILLER, P. J.,**
**MARKLE and LAND, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

September 24, 2024

# In the Court of Appeals of Georgia

A24A0983. CUPP et al. v. ARCHER et al.

MARKLE, Judge.

Robert and Jacqueline Marie Cupp appeal from the trial court's order granting default judgment and attorney fees in favor of Tammy Archer and Michael D. Cupp, who sued Appellants for damages arising from a residential construction project on Appellants' home. Appellants contend the trial court erred because it (1) lacked personal jurisdiction, as there was no valid service of the complaint; (2) awarded damages without a hearing when the damages were unliquidated; and (3) awarded attorney fees and costs without sufficient evidence. For the reasons discussed below, we vacate the default judgment, and remand the case to the trial court for further proceedings consistent with this opinion.

"We review an appeal from a trial court's ruling on a motion for default judgment for abuse of discretion." *Moore-Waters v. Met-Test, LLC*, 335 Ga. App. 761 (782 SE2d 848) (2016).

The instant appeal stems from a dispute involving a residential construction project, and Appellants alleged failure to pay Appellees for work performed on Appellants' home. In their complaint, Appellees claimed damages in the amount of $156,100 and filed liens against the home in that amount, and brought claims for perfection of the liens, breach of contract, unjust enrichment, fraud, and attorney fees and expenses pursuant to OCGA § 13-6-11.

Appellees attempted to serve Appellants by a special process server, who — despite vehicles being present in the driveway and after speaking to someone through the Ring doorbell —was unable to serve either Appellant. Appellees then filed a motion for service by publication, including the process server's affidavit indicating his belief Appellants were evading service. The trial court granted the motion, and the notice of publication ran in the local newspaper in September and October 2023 for four weeks. OCGA § 9-11-4 (f) (a) (C).

When Appellants failed to file an answer, Appellees filed their motion for default judgment and attorney fees. The trial court granted the motion, awarding $156,100 in actual damages and $9,592.07 in attorney fees. Appellants now appeal from that order.

1. Appellants argue that trial court lacked personal jurisdiction to grant default judgment because Appellees failed to properly perfect service by publication. Specifically, Appellants assert that Appellees failed to show they were evading service, and that there was no evidence of record that the clerk of court mailed copies of the notice of publication to Appellants. We agree that service by publication was invalid.

Service by publication, which allows for serice where a defendant has concealed himself or evaded service, is governed by OCGA § 9-11-4 (f) (1) (A).[1] Generally

---

[1] Pursuant to OCGA § 9-11-4 (f) (1) (A),

[w]hen the person on whom service is to be made. . . conceals himself or herself to avoid the service of the summons, and the fact shall appear, by affidavit, to the satisfaction of the judge or clerk of the court, and it shall appear, either by affidavit or by a verified complaint on file, that a claim exists against the defendant in respect to whom the service is to be made, and that he or she is a necessary or proper party to the action, the judge or clerk may grant an order that the service be made by the publication of summons[.]

"[f]actual disputes regarding service are to be resolved by the trial court, and the court's findings will be upheld if there is any evidence to support them." (Citation and punctuation omitted.) *Elrod v. Reliance Dev. Co.*, 350 Ga. App. 113, 117 (2) (828 SE2d 126) (2019); see also *Styles v. Spyke Ten, LLC*, 342 Ga. App. 122, 802 S.E.2d 369 (2017). Although the record does not reflect that the trial court specifically ruled on whether there was sufficient evidence Appellants were evading service, it appears the trial court implicitly ruled on this issue when it granted the default judgment. In either case, the record does not reflect that service by publication was valid in this case.

"Where service by publication is procured, it is the plaintiff's burden to establish that the defendant received actual notice or expressly or impliedly waived such notice." *Vasile v. Addo*, 341 Ga. App. 236, 241 (2) (800 SE2d 1) (2017). For

OCGA § 9-11-4 (f) (1) (C) further provides in pertinent part:

> Where the residence or abiding place of the . . . party is known, the party obtaining the order shall advise the clerk thereof; and it shall be the duty of the clerk, within 15 days after filing of the order for service by publication, to enclose, direct, stamp, and mail a copy of the notice, together with a copy of the order for service by publication and complaint, if any, to the party named in the order at his or her last known address, if any, and make an entry of this action on the complaint or other pleadings filed in the case.

service by publication to be deemed valid, the clerk of court is *required* by statute to mail a copy of the order for service by publication, notice of publication, and the complaint to Appellants' last known address "and to *certify* such action on the complaint filed in the case." (Emphasis added.) Id.; *Elrod*, 350 Ga. App. at 117-118 (2); see also OCGA § 9-11-4 (f) (1) (C).

Here, the record shows that Appellees filed the notice of publication,[2] as well as the publisher's notice of publication. However, the record contains no evidence of the clerk's certification, or any other entry by the clerk of court showing that the documents were mailed to Appellants.[3] Nor is there evidence that Appellees' attorney directed the clerk of court to mail the documents to Appellants' last known addresses. See *Elrod*, 350 Ga. App. at 118 (2). "[O]ur Supreme Court has held that service must be made as provided by the Code section, and 'substantial compliance' in matters involving service of process is insufficient." *Hutcheson v. Elizabeth Brennan Antiques & Interiors*, 317 Ga. App. 123, 127 (1) (730 SE2d 514) (2012); *Elrod*, 350 Ga. App. at

---

[2] We note, however, that the record shows the clerk of court only signed the notice of publication for Jacqueline Cupp but not for Robert Cupp.

[3] The process server's affidavits show that Appellants may have lived separately, as he attempted service at different addresses. Nevertheless, Appellees concede that Appellants' addresses were known.

118 (2). And, "there is no authority to dispense with the clear requirements of the Code section merely because the defendant may otherwise obtain knowledge of the filing of the action." (citation and punctuation omitted). *Hutcheson*, 317 Ga. App. at 127 (1); *Elrod*, 350 Ga. App. at 118 (2). Thus, service in this case did not comply with the terms of the statute authorizing service by publication. See *Elrod*, 350 Ga. App. at 118-119 (2); *Vasile*, 341 Ga. App. at 242 (2) (reversing in part trial court's denial of motion to set aside default judgment because no evidence in record showing clerk of court complied with OCGA § 9-11-4 (f) (1) (C)); *Hutcheson*, 317 Ga. App. at 128 (1) (service by publication did not comply with statute because clerk of court admitted she did not mail the documents); see also *Focus Healthcare Med. Center, Inc. v. O'Neal*, 253 Ga. App. 298, 299, 558 S.E.2d 818 (2002) ("When there has been no actual service, the judgment can successfully be collaterally attacked for lack of personal jurisdiction as void, because there has been no 'real' default for failure to answer a complaint that was never served[.]"). Accordingly, the trial court lacked personal jurisdiction over Appellants, and thus we vacate the trial court's order entering default judgment against them, and remand the case for proceedings consistent with this opinion. *Hutcheson*, 317 Ga. App. at 128 (1); *Elrod*, 350 Ga. App. at 118 (2).

2. Given our conclusion in Division 1 that the default judgment must be vacated, Appellants remaining enumerations of error are moot and we do not address them. See *Hutcheson*, 317 Ga. App. at 128 (2); OCGA § 5-6-34 (d) (appellate courts are not required to pass upon questions which are rendered moot).

*Judgment vacated and case remanded. Miller, P. J., and Land, J., concur.*