**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**June 3, 2025**

# In the Court of Appeals of Georgia

A25A0699. HENDERSON v. MIDDLEBROOKS et al.

PIPKIN, Judge.

Plaintiffs Faith Middlebrooks and Henderson Middlebrooks, LLC (collectively "Appellees") brought suit against Appellant Nicole M. Henderson asserting various claims under the Georgia Limited Liability Company Act, breach of fiduciary duty, conversion, and fraud in connection with the dissolution of the parties' law practice; Appellees sought both injunctive relief and monetary damages in relation to their claims. Appellees obtained an order to serve Appellant by publication and, based on Appellant's alleged failure to timely file an answer, the trial court later granted their

request for a default judgment as to liability.[1]

Appellant enumerates several errors on appeal, contending that the trial court erred by finding that Appellees exercised due diligence in attempting to serve her and, thus, the trial court should not have granted the request for service by publication; that the service by publication was ineffective because it did not comply with the requirements set out in OCGA § 9-11-4 (f) (1) (C); and that the trial court erred by not allowing her to open the default as a matter of right. We agree that Appellant is entitled to reversal in this case based on Appellees' failure to comply with OCGA § 9-11-4 (f) (1) (C) and, accordingly, do not address her remaining enumerations.

We start with the statute, which provides in pertinent part as follows:

> When the court orders service by publication, the clerk shall cause the publication to be made in the paper in which sheriff's advertisements are printed, four times within the ensuing 60 days, publications to be at least seven days apart. . . . Where the residence or abiding place of the absent

---

[1] Because the trial court reserved the issue of damages, the case remained pending below. Appellant requested and received a certificate of immediate review from the trial court and then subsequently filed an application for interlocutory review in this Court. However, as part of its order granting default judgment as to liability, the trial court also granted injunctive relief to Appellees, which is subject to direct appeal under OCGA § 5-6-34 (a) (4). Because Appellant was also entitled to appeal all rulings within the order, we automatically granted her application for interlocutory review. See *Spivey v. Hembree*, 268 Ga. App. 485, 486 n.1 (602 SE2d 246) (2004).

or nonresident party is known, the party obtaining the order shall advise the clerk thereof; and *it shall be the duty of the clerk, within 15 days after filing of the order for service by publication*, to enclose, direct, stamp, and mail a copy of the notice, together with a copy of the order for service by publication and complaint, if any, to the party named in the order at his or her last known address, if any, and make an entry of this action on the complaint or other pleadings filed in the case.

The record shows that Appellees filed their motion for service by publication on September 15, 2023, and the trial court granted their motion on September 29, 2023; the notice was published four times in the appropriate paper beginning October 11, 2023 and ending November 1, 2023. Appellees subsequently moved for a default judgment, and Appellant responded by arguing, in part, that the service by publication was ineffective because the clerk of the trial court had failed to mail her a copy of the items listed in OCGA § 9-11-4 (f) (1) (C) and failed to make any entry of the required mailing on the record. Appellees replied by pointing to the fact that their attorney had mailed a copy of the summons and complaint to Appellant by certified mail on September 18, 2023 – which was before the trial court issued the order of publication – and that after the Affidavit of Publication, which was dated November 1, 2023, was returned by the newspaper, they sent a copy of that, along with the summons and

complaint, to Appellant by mail and by e-mail. Further, they argued that Appellant had "indicated" her receipt of the e-mail. Citing *Smith v. Pearce*, 334 Ga. App. 84, 91 (778 SE2d 248) (2005), Appellees argued that the actions by their attorney satisfied the requirements of the statute. The trial court agreed that under *Pearce*, the actions of Appellees' counsel satisfied the clerk's obligations under the statute, that Appellant had actual notice of the action and allegations against her, and that the service against her was not ineffective.

Appellant now argues, and we agree, that *Pearce* is not controlling.[2] That case concerned a different part of OCGA § 9-11-4 (f) (1) (C), which reads "*the clerk shall cause* the publication to be made in the paper . . ." and a different obligation of the clerk, namely, to mail the publication notice to the paper in which the publication will be made. Interpreting that language, this Court held in *Pearce* that this portion of the statute "neither specifies the manner in which the clerk must *cause* the publication to be made nor requires the clerk to accomplish the task personally." (Emphasis

[2] In their brief on appeal, Appellees assert that "Appellant's only argument is that the clerk did not certify the mailing . . . ." This is not an accurate portrayal of Appellant's argument in either this Court or in the trial Court; rather, the Appellant argues that the clerk of court failed to make the required entry *and* that there was nothing in the record to indicate that the clerk had complied with the statute by mailing the documents listed in the statute to Appellant.

supplied.) 334 Ga. App. at 91 (2). Thus, we reasoned, the requirements of the statute were met when plaintiff's counsel, and not the clerk of court, sent the publication to the designated paper for publication; in other words, counsel's actions were sufficient to meet the requirement that the clerk "caused" the publication to be made. *Pearce*, 334 Ga. App. at 91-92 (2).

However, the part of the statute at issue in this case specifically places a *duty on the clerk* of court to mail the documents listed therein to the party being served by publication and to make an entry that this has been accomplished. And this Court has consistently interpreted this part of the statute to mean *the clerk is required to mail* the trial court's publication order, notice of publication, and complaint to the party named in the order of publication. As we recently explained "[f]or service by publication to be deemed valid, the clerk of court is *required* by statute to mail a copy of the order for service by publication, notice of publication, and the complaint to Appellant['s] last known address and to *certify* such action on the complaint filed in that case." (Citation and punctuation omitted; emphasis in original.) *Cupp v. Archer*, 372 Ga. App. 844, 846 (1) (906 SE2d 920) (2024). Further, as this Court has noted in several of our cases on this issue, "[o]ur Supreme Court has held that service must be made as provided by

5

the Code section, and substantial compliance in matters involving service of process is insufficient." (Citation and punctuation omitted.) *Hutcheson v. Elizabeth Brennan Antiques & Interiors*, 317 Ga. App. 123, 127 (1) (730 SE2d 514) (2012). See also *Cupp*, 372 Ga. App. at 847 (1); *Amisano v. Cross Creek Condo. Assn.*, 369 Ga. App. 296 (1) (893 SE2d 499) (2023); *Elrod v. Reliance Dev. Co.*, 350 Ga. App. 113, 118 (2) (828 SE2d 126) (2019). Similarly, this Court has also rejected the contention that actual notice of the publication obviates the need for strict compliance with the statute. See, e.g., *Cupp*, 372 Ga. App. at 847 (1); *Elrod*, 350 Ga. App. at 118 at (2); *Hutcheson*, 317 Ga. App. at 127 (2).

Appellees also argue on appeal that any assumption that the clerk did not mail the documents simply because the clerk did not file an entry on the record of mailing the documents "directly contradicts the plain words of the statute." However, that is not the only evidence that the clerk did not comply with the statute. Indeed, in the trial court, Appellant submitted her affidavit that she had reviewed the court's docket and there was no indication in the record that the clerk had mailed the documents, and she further averred that she had never received the documents in the mail. Further, Appellees have pointed to no evidence that they supplied the clerk with the

Appellant's last known address so that the clerk could meet his or her obligation under the statute, and they have pointed to no evidence that the clerk took the initiative on its own. To the contrary, instead of pointing to any evidence that the clerk fulfilled his or her duty, Appellees argued below that the mailings they made to the Appellant were sufficient.

Further, to the extent that Appellees argue that we must presume that the clerk complied with the statute in the absence of affirmative evidence that he or she did not, this Court has rejected any presumption that the clerk complied with his or her duties where there is no indication in the record that the clerk mailed the documents. *Elrod*, 350 Ga. App. at 118 at (2); *Vasile v. Addo*, 341 Ga. App. 236, 241 (2) (800 SE2d 1) (2017). Here, the record contains no evidence that the Appellees requested that the clerk mail the documents listed in the code section to the Appellant, no evidence that the clerk sua sponte undertook these duties, no evidence that Appellant received these documents in the mail from the clerk, no evidence of the clerk's certification that it sent the documents, *or any other evidence* that the clerk mailed the notice of publication, the trial court's order of publication and the complaint to the Appellant

at her last known address.[3] Based on the foregoing, we conclude that the trial court never obtained personal jurisdiction over the Appellant, and the trial court's order entering default judgment against her must be vacated and the case remanded for further proceedings consistent with this opinion.[4]

2. In light of our holding in Division 1, we need not address Appellant's other challenges to the trial court's order.

*Judgment reversed. McFadden, P. J., and Hodges, J., concur.*

---

[3] It is worth noting that even if the statute could be read to allow a party's attorney to mail the documents, the mailings by Appellees' counsel here did not come close to meeting the requirements of the statute. The first mailing occurred before the trial court entered the order of publication and, obviously, contained neither the order of publication nor the notice of publication sent to the paper. The second mailing occurred well outside the time limit imposed on the clerk in which to mail the documents and, apparently, did not include the trial court's order of publication.

[4] The trial court also ruled that Appellant did not meet the requirements to open default under OCGA § 9-11-55 (b). However, because there was no default judgment to open, that part of the trial court's order is rendered moot.